ELIJAH PEARSON V. THE STATE.

No. 23666. Delivered June 18, 1947.

No attorney of record on appeal for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. B. Duggan,* and *E. T. Branch,* Assistant Criminal District Attorneys, all of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a murder case, carrying the death penalty.

No bills of exception accompany the record.

The State's case shows that deceased and a lady companion at night drove to and parked upon what may be termed a side road. Appellant, armed with a shotgun, came to the car and ordered them to "Get 'em up," and "Give me the money." Upon being told they had no money, he ordered them to drive him to the Hempstead Highway. After driving for some time at appellant's direction, he ordered the car stopped and—without stating the details—shot the deceased in the head with the shotgun while deceased was on his knees pleading for his life.

The eye-witness account of the killing was given by the lady companion, who managed to escape from appellant. She was positive in her identification of the appellant as the murderer.

In addition to the eye-witness account, the State introduced in evidence the written confession of the appellant in which he admitted the killing, in essential elements, as testified to by the witness. No objection was made to its introduction in evidence. Other corroborating facts were introduced which need not here be detailed, as the facts from the State's standpoint, are abundantly sufficient not only to show appellant's guilt but also to warrant the infliction of the death penalty.

Upon the trial of the case, appellant repudiated the confession, claiming that it was extorted from him as a result of physical violence applied by the officers. He denied committing the crime charged, and testified to facts showing an alibi. As to appellant's whereabouts on the night of the killing, as testified to by him, there is no corroborating testimony.

Members of appellant's family testified that the shotgun which the State claimed was used in the killing and—as a result

of statements made to the officers by appellant—recovered from the home of a brother of appellant after the killing, could not have been in the possession of and was not used by appellant at the time of the killing.

In rebuttal, the State showed by disinterested witnesses to the confession that same was freely and voluntarily made by appellant after he had been given the statutory warning (Art. 727, C. C. P.).

The officers connected with appellant's arrest and the making of the confession denied that appellant was abused or that any physical violence was applied while he was in their custody.

We have been unable to find any fact or circumstance corroborating appellant's testimony as to abuse and violence on on the part of the officers as a result of which he made the confession. From the undisputed facts, we are unable to reach the conclusion that the use in evidence of the confession by the State constituted a violation of due process, as guaranteed by the Fourteenth Amendment to the Federal Constitution, as construed by the Supreme Court of the United States in the cases cited and discussed in Newman v. State, 187 S. W. (2d) 559.

The jury being the judges of the facts and its conclusion finding support in the evidence, the judgment of conviction will not be disturbed.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.